## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **ZORAYDA RAMOS** | § § § | |
| **v.** | § § | **CIVIL ACTOIN NO. _____** |
| **DILLARD TEXAS SOUTH, LLC** | § § § § § § | |

### NOTICE OF REMOVAL OF DEFENDANT DILLARD TEXAS SOUTH, LLC

Defendant, DILLARD TEXAS SOUTH, LLC ("Dillard's"), files this Notice of Removal under 28 U.S.C. §§ 1441, 1446, and 1332, and respectfully shows the Court the following:

### I.
### Introduction

1.1    On July 1, 2021, Plaintiff, ZORAYDA RAMOS, filed a personal injury lawsuit against Dillard's in the County Court at Law Number 9 of Hidalgo County, Texas, under Cause NoCL-21-2383-I. *Plaintiffs' Original Petition*, ***Ex. 1***. Ms. Ramos alleges that as she was shopping in Dillard's store located at 2200 South 10th Street, Mc Allen, Texas, she fell due to a slippery condition caused by alleged improper maintenance. *Id.*, at ¶¶ IV. Ms. Ramos claims that as a result of this incident, suffered severe personal injuries. *Id.* As a result of her claimed bodily injuries, Ms. Ramos seeks to recover damages for: reasonable and necessary medical expenses in the past and future, past and future physical pain and suffering, past and future physical impairment, past and future loss of earning and earning capacity, past and future mental anguish, disfigurement. *Id.*, at ¶¶ VI.

U.S.C. § 1441. This is a civil action in which the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

1.3     Service of Citation of Plaintiffs' Original Petition on Defendant Dillard's was executed on October 19, 2021. *See Service of Process Transmittal*, ***Ex. 2***. Dillard's filed its Original Answer in the state court action on November 8, 2021. *See Defendant Dillard's, Inc.'s Original Answer to Plaintiffs' Original Petition*, ***Ex. 3***; *State Court Docket Sheet*, ***Ex. 4***.

## II.
## The Parties

2.1     Plaintiff Zorayda Ramos resided in Hidalgo County, Texas at the time of the accident at issue. *See Plaintiffs' Original Petition*, at ¶ II, ***Ex. 1***.

2.3     For diversity purposes, Dillard South LLC's citizenship is determined by the citizenship of its sole member, Dillard Texas Central, LLC. *See Martin v. Boyd Racing LLC*, 2015 U.S. Dist. LEXIS 21387, *4, 2015 WL 730031 (W.D. La. February 18, 2015). Dillard Texas Central, LLC is also owned by a sole member, Dillard Texas East, LLC. Dillard Texas East, LLC is owned by a sole member, Dillard Texas Four-Point, LLC. Dillard Texas Four-Point, LLC is also owned by a sole member, Dillard Texas, LLC. Dillard Texas, LLC is owned by a sole member, DSS Uniter, LLC. DSS Uniter, LLC is owned by a sole member, Dillard Store Services, Inc. Dillard Store Services, Inc. is an Arizona corporation and has its principal place of business in Arizona. As such, Dillard South LLC will be considered an Arizona citizen for diversity purposes.

## III.
## Procedural Requirements for Removal

3.1     Removal is timely, as this Notice is filed within 30 days of Defendant receiving service of summons and Plaintiffs' Original Petition on October 19, 2021. *See* 28 U.S.C. § 1446(b)(1).

3.2     Written notice of the filing of this Notice of Removal is being given Plaintiff's counsel as required by Texas law. Further, Dillard's is filing a copy of this Notice with the Clerk of the Court for Hidalgo County, Texas—where Plaintiff's cause was originally filed. *See Dillard's Notice of Filing of Notice of Removal,* ***Ex. 5****.*

3.3     Dillard's has submitted a copy of all processes, pleadings, and orders to this Court as required by 28 U.S.C. § 1446(a).

3.4     Dillard's has submitted a copy of a list of all Counsel as required by local rules. *See List of Counsel of Record.,* ***Ex.6***

## IV.
## Venue

4.1     Venue in this district is proper because the Southern District of Texas, McAllen Division, includes Hidalgo County. Hidalgo County is the county where the alleged incident occurred and where the original lawsuit is pending. *Plaintiffs' Original Petition,* at ¶ II.

## V.
## Jurisdictional Basis for Removal

5.1     Removal is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

5.2     First, complete diversity of citizenship exists between the parties. Plaintiff Ramos represents that she is a Texas resident. *Plaintiffs' Original Petition,* at ¶ II, ***Ex. 1****.* Dillard's is the only named Defendant in this lawsuit. *See id.*, at ¶ II.  Dillard's ownership traces back to Dillard Store Services, Inc., an Arizona corporation with its principal place of business in Arizona. Dillard's is therefore deemed a citizen of Arizona for diversity purposes.  *See* 28 U.S.C. § 1332(c). For these reasons, complete diversity exists, and removal is appropriate on this ground.

5.3    Second, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In determining whether the amount in controversy has been met, the general rule is that the sum claimed by the plaintiff(s) controls if the claim is apparently made in good faith. *Okeke v. Auto. Fin. Corp.*, 2016 U.S. Dist. LEXIS 196918, *16, 2016 WL 11582509 (W.D. Dist. Tex. Feb. 3, 2016) (citing *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). A defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operatin Co., LLC v Owens*, 574 U.S. 81. Here, Plaintiff represents to the state court that that she seeks damages of $250,000.00 or less and Plaintiff represents to the state court that she seeks damages "in the maximum amount [of] $75,000.00.". *Plaintiffs' Original Petition*, at ¶ VII and VI., *Ex. 1*. As such, the amount in controversy requirement for removal is apparent on the face of Plaintiffs' pleading.

Plaintiff had an obligation at the time she filed her complaint to ensure to a legal certainty that her claim is for less than the jurisdictional amount and that she would not accept an award above the amount in controversy. *See Ditcharo v. UPS*, Fed. Appx. 432, 437 (5th. Cir. 2010) (quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th. Cir. 1995). Plaintiff may attempt to establish this legal certainty by submitting a "*binding stipulation or affidavit*" with their complaint, stating she affirmatively seeks less than the jurisdictional threshold, and further stating she will not accept an award that exceeds that threshold. *Id.* Plaintiff has merely stated in her petition that, "*Plaintiff is not pleading any federal claims as this case involves a matter of controversy of less than $75,000 as Plaintiff so stipulates.*" *Plaintiff's Original Petition*, at ¶ III., *Ex. 1*. Plaintiff has made no effort here to establish a legal certainty that she will not accept an award that exceeds the threshold. As discussed in *De Aguilar v Boeing Co.,* this standard was set to prevent the precise gamesmanship Plaintiff is

## VI.
## Jury Demand

6.1     Dillard's asserts its rights under the Seventh Amendment to the U.S. Constitution and

demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## VII.
## Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant, DILLARD TEXAS SOUTH,

LLC, prays that this Notice of Removal be deemed sufficient and that the proceedings attached

hereto be removed from the 9th District Court of Hidalgo County, Texas to the docket of this

Honorable Court.

Respectfully submitted,

By: _____
ROBERT A. VALADEZ
State Bar No.  20421845
rvaladez@shelton-valadez.com

**SHELTON & VALADEZ, P.C.**
600 Navarro, Suite 500
San Antonio, Texas  78205-1860
Ph:  (210) 349-0515
Fx:  (210) 349-3666

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing was forwarded in accordance with the Texas Rules of Civil Procedure on the 18th day of November 2021 to:

Martin L. Perez
LAW OFFICES MARIO DAVILA
P.O. Box 3726
McAllen, Texas 78502
T: (956) 322-8997
F: (956) 682-3550
mlperezattorney@gmail.com


ROBERT A. VALADEZ

# EXHIBIT 1

Electronically Subn
7/1/2021 11:15
Hidalgo County (
Accepted by: Gregorio N

CAUSE NO. **CL-21-2383-I** _____

| | | |
|---|---|---|
| ZORAYDA RAMOS | § | IN THE COUNTY COURT |
|    PLAINTIFF | § | |
| | § | |
| Vs. | § | AT LAW NUMBER _____ |
| | § | |
| DILLARD TEXAS SOUTH, LLC | § | |
|    DEFENDANT | § | HIDALGO CONTY, TEXAS |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW, ZORAYDA RAMOS (hereinafter referred to by her name and/or as **"PLAINTIFF"**) complaining of DILLARD TEXAS SOUTH, LLC, (hereinafter referred to by name and/or as **"DEFENDANT"**), and for cause of action would respectfully show the Court the following:

## I. DISCOVERY PLAN AND DISCOVERY REQUESTS

      **PLAINTIFF** intends to conduct discovery under Level 3 pursuant to Rule 190, Texas Rules Civil Procedure.

      **PLAINTIFF** requests pursuant to Rule 194.1, 194.2, 194.3, and 194/4 that **DEFENDANT** disclose within thirty (30) days of filing of its answer of this lawsuit the information or material described in Rule 194.2 b (1-12).   Of the Texas Rules of Civil Procedure. The original answers are to be forwarded to **PLAINTIFFS'** attorney of record.

## II. PARTIES

      **PLAINTIFF** is a resident of HIDALGO, Texas.

      **DEFENDANT** DILLARD TEXAS SOUTH, LLC is a business entity doing business in Texas, and may be served with process by serving the registered agent of said company at: <u>CT CORPORATION SYSTEM, 1999 BRYAN ST., STE. 900 DALLAS, TEXAS 75201</u> certified mail return receipt requested or any other location where they may be found.  Service of said Defendant as described above can be effected by any of the methods allowed by the Texas Rules of Civil Procedure.

Case 7:21-cv-00442   Document 1   Filed on 11/18/21 in TXSD   Page 9 of 24

CL-21-2383-I

Electronically Submitted
7/1/2021 11:15
Hidalgo County (
Accepted by: Gregorio N

### III. ASSUMED NAMES

Pursuant to Rule 28 of the Texas Rules of Civil Procedure, **PLAINTIFF** is suing any partnership, unincorporated association, a private corporation, or individual whose name contains the words or who does business under or as **DILLARD TEXAS SOUTH, LLC** It **is the intent of Plaintiff to file lawsuit against the owners, occupiers, property managers and/or controllers of the** of the **DILLARDS** located at 2200 S. 10TH ST., MCALLEN, TEXAS 78501 IN LA PLAZA MALL, MCALLEN, TEXAS.

### III. JURISDICTION AND VENUE

**PLAINTIFF** brings this suit to recover damages against **DEFENDANT** for sustained losses, damages and personal injuries suffered by **PLAINTIFF. PLAINTIFF** has sustained damages in a monetary relief of LESS THAN $250,000 within the jurisdictional requirements of this Court. Venue of this proceeding is proper in **HIDALGO**, Texas, pursuant to Texas Civil Practice and Remedies Code Section 15.002. **PLAINTIFFS'** cause of action arose in HIDALGO **COUNTY**

A. NOTICE OF NONREMOVABLE CLAIM

**PLAINTIFF** is not pleading any federal claims as this case involves a matter of controversy of less than **$75,000.00 as Plaintiff so stipulates.**

### IV. STATEMENT OF FACTS

On or about OCTOBER 11, 2020, **PLAINTIFF** ZORAYDA RAMOS was a customer at **DEFENDANT DILLARD TEXAS SOUTH, LLC** located at 2200 S. 10TH ST., MCALLEN, TEXAS 78501 IN LA PLAZA MALL, MCALLEN, TEXAS. The PLAINTIFF was at DEFENDANT'S STORE WHEN SHE SLIPPED AND FELL DUE TO A LIQUID SUBSTANCE LEFT due to improper maintenance.  As a result of the accident **PLAINTIFF** suffered severe personal injuries.

7/1/2021 11:15
Hidalgo County C
Accepted by: Gregorio M

## V. CAUSES OF ACTION

**PLAINTIFF** has the following causes of action against **DEFENDANT**:

**A.    NEGLIGENCE**

**PLAINTIFF** has a negligence cause of action against **DEFENDANT** because they meet the following required elements:

1.    The **DEFENDANT** owed a legal duty to the **PLAINTIFF**;

2.    The **DEFENDANT** breached the duty; and

3.    The breach proximately caused the **PLAINTIFF**'s injuries.

**B.    PREMISES LIABILITY**

**PLAINTIFF** has premises liability cause of action against **DEFENDANT** because they meet the following elements required in a cause of action brought by an invitee:

1.    **PLAINTIFF** was an invitee;

2.    The **DEFENDANT** was the possessor of the premises;

3.    A condition on the premises posed an unreasonable risk of harm;

4.    The **DEFENDANT** knew or reasonably should have known of the danger;

5.    The **DEFENDANT** breached its duty of ordinary care by both:

    (A)    Failing to adequately warn the **PLAINTIFF** of the condition, and

    (B)    Failing to make the condition reasonably safe; and

6.    The **DEFENDANT**'s breach proximately caused the **PLAINTIFF**'s injuries.


## VI. PLAINTIFF'S DAMAGES

**PLAINTIFF** hereby pleas the following damages that were caused as a direct and proximate result of the occurrence made the basis of this lawsuit:

A.    Reasonable medical care and expenses in the past.  These expenses were incurred by **PLAINTIFF** for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in HIDALGO, Texas;

B.    Reasonable and necessary medical care and expenses which in all reasonable probability be incurred in the future;

C.    Physical pain and suffering in the past;

D.    Physical pain and suffering in the future;

E.    Physical impairment in the past;

Cl-21-2630-G
Electronically Submi
7/1/2021 11:1!
Hidalgo County (
Accepted by: Gregorio M

F.      Physical impairment which, in all reasonable probability, will be suffered in the future;

G.      Loss of earnings in the past;

H.      Loss of earning capacity which will, in all probability, be incurred in the future;

I.      Mental anguish in the past;

J.      Mental anguish in the future; and

K.      Disfigurement.

## VII. PRAYER

WHEREFORE, **PLAINTIFF** requests that **DEFENDANT** be cited to appear and answer and that, on final trial, **PLAINTIFF** has the following:

A.      Judgment against **DEFENDANT** in monetary relief of LESS than $250,000

B.      Prejudgment and post judgment interest as provided by law; and

C.      Such other relief to which **PLAINTIFF** may be justly entitled.

Respectfully submitted,

**LAW OFFICES OF MARIO DAVILA**
P.O. Box 3726
McAllen, Texas 78502
Telephone (956) 322-8997
Facsimile (956) 682-3550

BY:    */s/ Martin L. Perez*
           **Martin L. Perez**
           **Texas State Bar No.: 24041675**
           **Email: mlperezattorney@gmail.com**
           **Attorneys for Plaintiff**

EXHIBIT 2

Electronically Submi
7/1/2021 11 39
Hidalgo County C
Accepted by: Gregorio M

**CAUSE NO. CL-21-2383-I**

AT___4:28___FILED O'CLOCK
OCT 21 2021
ARTURO GUAJARDO JR COUNTY CLERK
COUNTY COURT AT LAW NO.___OF HIDALGO CO.
BY_____DEPUTY

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file
a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of
twenty (20) days after you were served this citation and petition, a default judgment may be taken against you...

To:    DILLARD TEXAS SOUTH, LLC
       MAY BE SERVED WITH PROCESS BY SERVING THE REGISTERED AGENT OF SAID
       COMPANY AT:
       CT CORPORATION SYSTEM
       1999 BRYAN ST STE 900
       DALLAS TX 75201

GREETINGS: You are commanded to appear by filing a written answer to the Plaintiff's petition at or before 10
o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof,
before the Honorable County Court At Law #9 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at
100 N. Closner, First Floor, Edinburg, Texas 78539. In addition to filing a written answer with the clerk, you may be
required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later
than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Said Plaintiff's Petition was filed in said Court, on the 1st day of July, 2021 in this Cause Numbered CL-21-2383-I on
the docket of said Court, and styled,

**ZORAYDA RAMOS**
vs.
**DILLARD TEXAS SOUTH, LLC**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying
this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
      MARTIN L. PEREZ
      LAW OFFICE OF MARIO DAVILA
      PO BOX 3726
      MCALLEN TX 78502

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates
hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 1st day of July,
2021.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #9

BY _____ DEPUTY
          GREGORIO MATA

Electronically Subm
7/1/2021 11:39
Hidalgo County C
Accepted by: Gregorio N

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
    Came to hand on the __16__ day of __October__ , 20 _21_ , at __10__ o'clock __Am__
M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED
    Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME _CT Corporation System_ DATE _10/19/21_ TIME _9:18Am_ PLACE _1999 Bryan st ste 900 Dallas Tx_

By: _____    By: _____
    CIVIL PROCESS SERVER                    DEPUTY SHERIFF/CONSTABLE

DEFENDANT NOT SERVED
    Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By: _____    By: _____
    CIVIL PROCESS SERVER                    DEPUTY SHERIFF/CONSTABLE

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _Santiago Castillo_ , my date of birth is _____ and my address is _PoBox 5130 McAllen_ . I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _Hidalgo_ County, state of Texas, on the _19_ day of _Oct_ , 20 _21_ .

_____
DECLARANT

_9-31-23_    _PSC# 11877_
_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Electronically Subm
7/1/2021 11:39
Hidalgo County (
Accepted by: Gregorio M

**CAUSE NO. CL-21-2383-I**

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To:   DILLARD TEXAS SOUTH, LLC
      MAY BE SERVED WITH PROCESS BY SERVING THE REGISTERED AGENT OF SAID
      COMPANY AT:
      CT CORPORATION SYSTEM
      1999 BRYAN ST STE 900
      DALLAS TX 75201

GREETINGS: You are commanded to appear by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M.  on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #9 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, First Floor, Edinburg, Texas 78539. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Said Plaintiff's Petition was filed in said Court, on the 1st day of July, 2021 in this Cause Numbered CL-21-2383-I on the docket of said Court, and styled,

**ZORAYDA RAMOS**
vs.
**DILLARD TEXAS SOUTH, LLC**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
    MARTIN L. PEREZ
    LAW OFFICE OF MARIO DAVILA
    PO BOX 3726
    MCALLEN TX 78502

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 1st day of July, 2021.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #9

BY _____ DEPUTY
        GREGORIO MATA

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
     Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____
M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

     Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME _____ DATE _____ TIME _____ PLACE _____


By: _____       By: _____
       CIVIL PROCESS SERVER                       DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
     Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____


By; _____       By: _____
       CIVIL PROCESS SERVER                       DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____ County, state of Texas, on the ____ day of _____, 20_____.


_____
DECLARANT


_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Mailing Address
P.O. Box 3726
McAllen, TX 78502

Physical Address
1006 Ash Ave.   Suite 1A
McAllen, TX 78501

tel. (956) 682-3535
fax. (956) 682-3550

# MD

### LAW OFFICES OF

## MARIO DAVILA P.L.L.C.

#### Rio Grande Valley - Dallas/Fort Worth - Houston

July 1, 2021

Arturo Guajardo, Jr.                          **_Via E-Filing_**
**HIDALGO COUNTY CLERK**
**Hidalgo County Courthouse**
100 South Closner Blvd
Edinburg, Texas 78539

RE:      **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR CITATION**

_Cause No _____; Zorayda Ramos v. Dillard Texas South, LLC;_

_In the County Court at Law Number _____ of Hidalgo County, Texas_

Dear Mr. Guajardo,

Attached please find for filing the original copy of the _Plaintiff's Original Petition._
Additionally, please find the filing fees attached.

We are requesting that you issue citation for following party:

**Dillard Texas South, LLC**
**CT Corporation Systems**
**1999 Bryan St. Suite 900**
**Dallas, Texas 75201**

Please email citation to **_jennamdlaw@gmail.com_**

Thank you very much for your usual courtesies.

Very truly yours,

_/s/  Martin L. Perez_
Martin L. Perez

MLP/jlj

# EXHIBIT 3

CAUSE NO. CL-21-2383-I

| | | |
|---|---|---|
| **ZORAYDA RAMOS**<br>*Plaintiff,* | § <br> § <br> § | **IN THE COUNTY COURT** |
| **v.** | § <br> § <br> § | **AT LAW NUMBER 9** |
| **DILLARD TEXAS SOUTH, LLC**<br>*Defendant.* | § <br> § <br> § | **HIDALGO COUNTY, TX** |

## DEFENDANT DILLARD TEXAS SOUTH, LLC'S ORIGINAL ANSWER

Defendant, DILLARD TEXAS SOUTH, LLC, files this Original Answer to Plaintiff's Original Petition.

## I.
## GENERAL DENIAL

1.      Subject to such stipulations and admissions as may hereinafter be made, Defendant DILLARD TEXAS SOUTH, LLC, asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests that Plaintiff be required to prove the charges and allegations made against Defendant by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

## II.
## AFFIRMATIVE DEFENSES

2.      Defendant affirmatively pleads pursuant to Texas Civil Practices and Remedies Code Section 33 that Plaintiff's claim is barred in whole or in part, by the proportionate responsibility of Plaintiff's own negligence of whom Defendant had no control which were the sole or, alternatively, a proximate cause of the occurrence and damages complained of by Plaintiff.

3.     Defendant affirmatively pleads pursuant to Texas Civil Practices and Remedies Code Section 33 that Plaintiff's claim is barred in whole or in part, by the negligence or of that of a responsible third party over whom Defendant had no control which were the sole or, alternatively, a proximate cause of the occurrence and damages complained of by Plaintiff.

4.     Defendant affirmatively pleads pursuant to Texas Civil Practices and Remedies Code Section 33 that the Plaintiff's alleged injuries and damages were proximately caused by a pre-existing condition or injury or by a separate prior or subsequent accident or event, distinct, unrelated and remote to any action or inaction of the Defendant.  Such condition, accident or event was the sole proximate cause of plaintiff's alleged injuries and damages for which Defendant cannot be liable; or were contributing factors so as to limit Defendant's liability for any damages which may be attributable to Defendant, or were such separate intervening and superseding causes which absolve Defendant of any responsibility or liability.

5.     Defendant affirmatively pleads that it is entitled to any and all relief permitted pursuant to Texas Civil Practices and Remedies Code Section 41.0105 in the form of evidentiary exclusion of any and all damages amounts not actually paid or incurred by or on behalf of the Plaintiff.  In the alternative, Defendant seeks a deduction in any post-verdict award, if any, based on those amounts.

6.     Defendant affirmatively pleads that the recovery of damages claimed by Plaintiff is limited pursuant to the provision of the Texas Civil Practices and Remedies Code Section 18.091 for any recovery seeking loss of earnings, loss of earning capacity, loss of contribution of a pecuniary value, or loss of inheritance, that evidence must be presented for proof in the form of a net loss after reduction for income tax payments or unpaid liability pursuant to any federal income tax law.

7.     Defendant denies any and all allegations of gross negligence and punitive damages. Defendants affirmatively plead that said pleading is subject to limits imposed by Chapter 41 of the Texas Civil Practices and Remedies Code, including limits on procedure and amount of award. Defendants demand that the issues of gross negligence and damages be bifurcated pursuant to Texas Civil Practices and Remedies Code Section 41.009.

### III.

### NOTICE OF INTENT TO USE UNFILED DISCOVERY

8.      Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant files this notice of intent to use, in any pretrial proceeding and/or at trial of this case, any and all documents produced by any party in response to any written discovery.

### PRAYER

For the foregoing reasons, Defendant, DILLARD TEXAS SOUTH, LLC, prays that Zorayda Ramos recovers nothing from Defendant, that the Court enter Judgment that Defendant recovers all costs of court, and for all other relief to which Defendant may be entitled.

Respectfully submitted,

SHELTON & VALADEZ, P.C.
600 Navarro, Suite 500
San Antonio, Texas 78205-1860
Ph:  (210) 349-0515
Fx:  (210) 349-3666
rvaladez@shelton-valadez.com

By: __/s/ Robert A. Valadez__
      ROBERT A. VALADEZ
      State Bar No. 20421845

ATTORNEY FOR DEFENDANT

# EXHIBIT 4

# REGISTER OF ACTIONS
## CASE NO. CL-21-2383-I

| Zorayda Ramos VS. Dillard Texas South, LLC | § | Case Type: | **Injury or Damage - Other (OCA)** |
|---|---|---|---|
| | § | Date Filed: | **07/01/2021** |
| | § | Location: | **County Court at Law #9** |
| | § | | |
| | § | | |

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Dillard Texas South, LLC** | |
| | | |
| **Plaintiff** | **Ramos, Zorayda** | **MARTIN L. PEREZ** |
| | | *Retained* |
| | | 956-682-3535(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 07/01/2021 | **Original Petition (OCA)** |
| | *Plaintiff's Original Petition* |
| 07/01/2021 | **Citation Issued** |
| | *DILLARD TEXAS SOUTH, LLC* |
| 10/21/2021 | **Service Returned - Served** |

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Ramos, Zorayda | | | |
| | Total Financial Assessment | | | 282.00 |
| | Total Payments and Credits | | | 282.00 |
| | **Balance Due as of 11/09/2021** | | | **0.00** |
| | | | | |
| 07/01/2021 | Transaction Assessment | | | 282.00 |
| 07/01/2021 | EFile Payments from TexFile | Receipt # 2021-007164 | Ramos, Zorayda | (282.00) |

# EXHIBIT 6